52 F.3d 326
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robert E. PRUNTY, Plaintiff-Appellant,
v.
James F. FERGUSON; Jackie Forster; W. Carver; R.
Ferguson, all individually and officially,
Defendants-Appellees.
 No. 94-3544.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1995.
 
 Before: MERRITT, Chief Judge; KEITH and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 Robert Prunty appeals from the sua sponte dismissal of a prisoner civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Robert Prunty is an Ohio inmate. He filed a Sec. 1983 action in which he contended that four named defendants, officials and employees of the Marion [Ohio] Correctional Institution, acted in concert to violate his unspecified civil rights. He sought monetary damages and other relief. The district court sua sponte ordered the complaint to be dismissed as frivolous with the meaning of 28 U.S.C. Sec. 1915(d). This appeal followed. Prunty has submitted a brief in his own behalf; the appellees have indicated by letter that they will not be participating in the appeal unless directed to do so.
 
 
 3
 Prunty's complaint may be summarized as follows: On February 18, 1994, defendants J. Ferguson and Carver conspired to concoct a false misconduct report against Prunty. Defendant Forster, a secretary, was a passive participant in the conspiracy. Defendant R. Ferguson, the chairman of the Rules Infraction Board, "sanctioned" the conspiracy by finding Prunty as charged. Prunty seeks damages in the amount of $80,000 and injunctive relief, if appropriate. The district court concluded that the complaint did not present any facts from which it could be said that the defendants violated any of Prunty's constitutionally cognizable rights.
 
 
 4
 An indigent plaintiff who states an arguable claim is entitled to service of process even though it appears that he may not ultimately prevail. Neitzke v. Williams, 490 U.S. 319, 329-30 (1989). A complaint may, however, be dismissed as frivolous under 28 U.S.C. Sec. 1915(d) if it is premised on a non-existent legal interest or a delusional factual scenario. Id. at 327-28. In this situation, the complaint may be dismissed without service of process as lacking an arguable basis in law or fact. Id. at 325. A decision to dismiss a complaint for this reason will not be disturbed absent an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989).
 
 
 5
 The district court did not abuse its discretion. Prunty has failed to articulate any specific motive for the actions of the alleged conspirators, see, e.g., Cale v. Johnson, 861 F.2d 943, 950 (6th Cir.1988), and does not contend that he was denied any due process rights in the disciplinary procedure. See Wolff v. McDonnell, 418 U.S. 539 (1974). Prunty has no constitutionally protected interest in remaining free from having to defend himself against allegedly false misconduct reports where there is no indication that he has not been provided procedural due process protections. See, e.g., Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir.1986), cert. denied, 485 U.S. 982 (1988). The appeal lacks merits.[1]
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 [1]
 Judge Wellford notes that plaintiff, a frequent litigator, asserts no attempt to pursue an administrative remedy; he makes a conclusory allegation that "this action does not require exhaustion."